Martin F. Casey (MFC-1415)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MOBILE EIGHT APPAREL CORP.,

              Plaintiff,

  - against -

HI-TEK WAREHOUSE CORP.,

              Defendant.
-------------------------------------------------------------------X

Index No.

**COMPLAINT**

Plaintiff, by and through its undersigned counsel, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

### PARTIES

1.    Plaintiff, Mobile Eight Apparel Corp., is a New York corporation with an office and place of business located at 501 7th Avenue, Ste. 1688, New York, New York 10018 and at all material times was the owner and receiver of a consignment of apparel that is the subject matter of this litigation.

2.    Defendant, Hi-Tek Warehouse Corp., is a foreign corporation with an office and place of business located at 20851 Currier Road, City of Industry, California 91789, and at all material times was the owner and/or operator of a warehouse storing, inter alia, apparel.

3.  Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said claim, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## JURISDICTION AND VENUE

4.  This action is brought pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332 (a)(1), in that the parties are citizens of different states and the matter in controversy exceeds, exclusive of interests and costs, $75,000.

5.  Venue is proper in this district pursuant to 28 USC § 1391 (a)(2), in that the contract between the parties was negotiated and entered into in this district..

## FACTS

6.  On or about January 1, 2007 the parties entered into a contract which provided, inter alia, that defendant would provide warehousing services for certain of plaintiff's apparel.

7.  In April 2007, Plaintiff purchased a consignment of apparel – 2,573 cartons of boys cotton shorts, and had the consignment shipped from Shanghai, China by ocean carriage.

8.  The consignment was loaded into two ocean containers, bearing numbers CGTU4108244 (1716 cartons) and ECMU1389651 (857 cartons) and delivered to the terminal in Shanghai on or about April 2, 2007.

9.  The containers were thereafter loaded on board the ocean vessel on or about April 4, 2007 for transportation to the port of Los Angeles, California.

10.  The containers were discharged from the ocean vessel in Los Angeles on April 17, 2007.

11.  On April 25, 2007, container CGTU4108244 (1716 cartons) was delivered to defendant's warehouse and on April 26, 2007 container ECMU1389651 (857 cartons) was delivered to defendant's warehouse.

12.  In the early morning hours of April 28, 2007, between 0300 and 0400, unknown persons broke into defendant's warehouse facility and removed the aforementioned containers, from defendant's premises, without the consent or authority of plaintiff.

13.  Defendant was engaged to warehouse the aforementioned consignment of apparel until such time that plaintiff authorized the release of the goods for transportation to one of plaintiff's customers.

14.  When the consignment was delivered into the custody and control of defendant on April 25-26, 2007, the aforementioned consignment of apparel was in good order and condition.

15.  Defendant failed to properly care for and secure the consignment while said consignment was within its custody and control.

16.  Defendant breached its obligation as a warehouseman and/or bailee and was negligent in the care of the consignment.

17.  As a proximate result of the foregoing, plaintiff has sustained damages in the amount of $100,000.00, no part of which has been paid, despite due demand.

WHEREFORE, Plaintiff, respectfully demands judgment in the amount of at least $100,000.00, together with costs, disbursements interest, and such other relief as to the Court appears just and proper.

Dated: New York, New York
      January 14, 2008
      228-24

                            **CASEY & BARNETT, LLC**
                            Attorneys for Plaintiff

By: _____
           Martin F. Casey, Esq.
           317 Madison Avenue, 21st floor
           New York, New York 10017
           (212) 286-0225